IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 SOUND & COMMUNICATION HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PROFIT SHARING PLAN, ELECTRICAL WORKERS JOINT APPRENTICESHIP AND TRAINING TRUST FUND, SCHOLARSHIP FUND of the IBEW LOCAL UNION 98, and LABOR MANAGEMENT COOPERATION COMMITTEE 1719 Spring Garden Street Philadelphia, PA 19130,<br>and<br>LOCAL UNION 98 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 1701 Spring Garden Street Philadelphia, PA 19130,<br>Plaintiffs,<br>v.<br>LARRY C. McCRAE, INC. 3333 W. Hunting Park Avenue Philadelphia, PA 19132,<br>and<br>LARRY C. McCRAE c/o Larry C. McCrae, Inc. 3333 W. Hunting Park Avenue Philadelphia, PA 19132,<br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. |

**COMPLAINT**

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because all Plaintiffs have offices in the Eastern District of Pennsylvania and the breach occurred in the Eastern District of Pennsylvania.

## PARTIES

3. At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund (hereinafter the "Health Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Sound & Communication Health & Welfare Fund (hereinafter the "S&C Health Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan (hereinafter the "Pension Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Profit Sharing Plan (also known as the Local Union 98 Deferred Income Plan) (hereinafter the "Profit Sharing Plan"), Scholarship Fund of the IBEW Local Union 98 (hereinafter the "Scholarship Fund") and Electrical Workers Joint Apprenticeship and Training Trust Fund (hereinafter the "Apprenticeship Fund") (hereinafter collectively the "Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4. At all times relevant hereto, Plaintiff Labor Management Cooperation Committee (hereinafter "LMCC.") is a joint labor-management cooperation committee created pursuant to Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a), and Section 302(c)(9) of the Labor Management Relations Act, 29 U.S.C. §186(c)(9).

5. At all times relevant hereto, Plaintiff Local Union 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of certain employees of Defendant Larry C. McCrae, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

6. Plaintiffs maintain their principal place of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

7. Defendant Larry C. McCrae, Inc. (hereinafter the "Company" or "Employer") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) which maintains the business address listed in the caption.

8. Defendant Larry C. McCrae ("McCrae") is the owner and/or chief officer of the Employer with control over the assets of the Employer. McCrae maintains a business address listed in the caption.

## COLLECTIVE BARGAINING AGREEMENTS WITH LOCAL 98

9. On April 1, 1998, Defendant McCrae signed Letters of Assent on behalf of the Company adopting the Inside Commercial and Teledata Collective Bargaining Agreements

3

between Local 98 and the Philadelphia Division, Penn-Del-Jersey Chapter, NECA. By adopting those agreements, the Employer agreed:

    (a)    to deduct contractual deductions from the paychecks of employees covered by the collective bargaining agreement and to remit those amounts, along with contractually required contributions, to the Plaintiffs;

    (b)    to file monthly remittance reports with the Plaintiffs listing all employees for whom contributions were due under the collective bargaining agreement and the total number of hours each such employee worked during that month;

    (c)    to produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds; and

    (d)    to pay liquidated damages and all costs of litigation, including attorneys' fees, expended to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

A true and correct copy of the Inside Commercial collective bargaining agreement ("Inside Commercial Agreement"), including the signed letter of assent, is attached hereto as Exhibit A. A true and correct copy of the Teledata collective bargaining agreement ("Teledata Agreement"), including the signed letter of assent, is attached hereto as Exhibit B. The signed letters of assent appear on the last page of each of these Exhibits. The Inside Commercial Agreement and the Teledata Agreement are hereinafter referred to, collectively, as the "Collective Bargaining Agreements."

    10.    Pursuant to Article III, Section 3.09(b), of the Inside Commercial Agreement, Article III, Section 7.14(b) of the Teledata Agreement, and 29 U.S.C. §1132(g)(2)(B), any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate. Exhibit A, p. 10; Exhibit B, p. 10.

    11.    Pursuant to Article III, Section 3.09(b) of the Inside Commercial Agreement, Article III, Section 7.14(b) of the Teledata Agreement, and 29 U.S.C. §1132(g)(2)(C), late

4

payments are also charged liquidated damages equal to ten percent (10%) of the principal delinquency. Exhibit A, p. 10; Exhibit B, p. 10.

## COUNT ONE
### Plaintiffs v. Larry C. McCrae, Inc.

12. The above paragraphs are incorporated herein by reference as though duly set forth at length.

13. In 2015 and 2016, Plaintiffs conducted a payroll audit to determine if the correct amounts were reported and paid by the Company to the Plaintiffs, as required under the Inside Commercial and Teledata Agreements, for the period between January 1, 2011, and July 31, 2015.

14. The audit determined that a total of $1,236,068.49 in underreported principal contributions under the Inside Commercial Agreement was owed for the audit period. A true and correct copy of the audit report is attached hereto as Exhibit C.

15. Based on adjustments to the audit report as a result of discussions with the Company, as well as recognition of certain additional payments made by the Company and a credit for certain contributions made, the total principal amount due was reduced to $1,128,871.60.

16. In addition, the Plaintiffs determined that between January 1, 2011 and August 31, 2017, the Employer submitted reports under the Inside Commercial Agreement documenting that contributions were due, without submitting the correct amounts that were due.

17. Because of the foregoing, the Company accrued an additional principal delinquency of $379,713.49 under the Inside Commercial Agreement,

18. The audit determined that a total of $1,977.11 in underreported principal contributions under the Teledata Agreement was owed for the audit period. A true and correct copy of the audit report is attached hereto as Exhibit D.

19. In addition, the Plaintiffs determined that between January 1, 2011 and August 31, 2017, the Employer submitted reports under the Teledata Agreement documenting that contributions were due, without submitting the correct amounts that were due.

20. Because of the foregoing, the Company accrued an additional principal delinquency of $75,235.54 under the Teledata Agreement.

21. After adjustment for certain overpayments, the principal amount due under the Inside Commercial Agreement, after adjustment, is $1,306,361.49.

22. After adjustment for certain overpayments, the principal amount due under the Teledata Agreement was reduced from $75,235.54 to $29,185.30.

23. In addition to the foregoing, interest on the delinquent contributions is due.

24. By letter dated October 17, 2017, Plaintiffs, through their attorney, sent a letter to the Company, to the attention of Defendant McCrae, demanding payment for the delinquent principal, interest, audit fees and liquidated damages by the close of business on October 27, 2017. A true and correct copy of the October 17, 2017 letter, with enclosure, is attached hereto as Exhibit E.

25. As of the date of this Complaint, Defendants have not responded to the October 17, 2017 letter.

26. To date, Defendants have not paid the delinquency identified in the October 17 letter and the principal delinquency remains unpaid.

27. Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) & (C), the Company owes ongoing interest on the delinquent principal amounts, and $133,554.67 in liquidated damages.

28. Under the Payroll Audit Policy of the Plaintiffs, Defendants are also liable for the cost of the payroll audit as a result of a pattern of substantial underpayment. A true and correct copy of the Payroll Audit Policy is attached hereto, and incorporated herein, as Exhibit F.

29. In addition to the principal, interest, and liquidated damages set forth above, Defendant Company owes to Plaintiffs attorneys' fees and costs of litigation, pursuant to Article III, Sections 3.02(d) and 3.10(3) of the Inside Commercial Agreement and Article VII, Sections 7.07(d) and 7.15(3) of the Teledata Agreement (Exhibit A, pp. 8 & 11; Exhibit B, pp. 21-22 & 24), and 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment in favor of the Plaintiffs and against the Defendant Company in the amount of $1,306,361.49 for unpaid principal contributions, pursuant to the Inside Commercial Agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Enter judgment in favor of the Plaintiffs and against the Defendant Company in the amount of $29,185.30 for unpaid principal contributions, pursuant to the Teledata Agreement and 29 U.S.C. §1132(g)(2)(A);

(3) Enter judgment in favor of the Plaintiffs and against the Defendant Company for interest on the above amounts calculated at the I.R.S. rate, pursuant to the Collective Bargaining Agreements and 29 U.S.C. §1132(g)(2)(B);

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company for $133,554.67 in liquidated damages, pursuant to the Collective Bargaining Agreements and 29 U.S.C. §1132(g)(2)(C);

(5) Enter judgment in favor of the Plaintiffs and against the Defendant Company for audit fees, pursuant to the Payroll Audit Policy of the Plaintiffs;

(6) Enter judgment in favor of the Plaintiffs and against the Defendant Company for attorneys' fees and costs, pursuant to the Collective Bargaining Agreements and 29 U.S.C. §1132(g)(2)(D); and

(7) Grant any other further relief the court finds just and proper.

## COUNT TWO
## ERISA FUNDS v. LARRY C. McCRAE

30. The above paragraphs are incorporated herein by reference as though duly set forth at length.

31. Section 2(b) of the Health Plan's Trust Agreement, as amended on July 28, 2004, and Section 2.2 of the S&C Health Plan's Trust Agreement, as amended in 2005, state as follows:

> Title to all monies paid into said Fund shall be vested in the
> Trustees of the Fund, in trust as of the date the employer's
> obligation to contribute arises.

A true and correct copy of the Health Plan's Trust Agreement's July 28, 2004 amendment is attached hereto as Exhibit G. A true and correct copy of the S&C Health Plan's Trust Agreement's 2005 amendment is attached hereto as Exhibit H.

32. Article IV, Section 4.1(d) of the Pension Plan's Trust Agreement, as amended on January 3, 2008; Article III, Section 3.1(d) of the Profit Sharing Plan's Trust Agreement, as amended on January 3, 2008; and Article IV, Section 4.1(d) of the Apprenticeship Plan's Trust Agreement, as amended on January 3, 2008, each state as follows:

> Title to and possession of all monies which are contributions to be
> paid into the Fund shall be vested in the Trustees of the Fund as of
> the date the Covered Employer's obligation to contribute arises.

True and correct copies of the January 3, 2008 Amendments to the Pension Plan, Profit Sharing Plan, and Apprenticeship Plan are attached hereto as Exhibits I, J and K, respectively.

8

33. Pursuant to the Agreement and Declaration of Trusts governing each of the Plaintiff Funds, the title to and possession of all monies which are contributions to be paid into the Funds are vested in the Trustees of the Funds as of the date the employer's obligation to contribute arises.

34. Once employees of the Company performed bargaining unit work, the monies due to the Funds became an asset of the Funds upon the date such amounts became due pursuant to the Collective Bargaining Agreements.

35. At all relevant times, Defendant McCrae has been and is the principal officer of the Defendant Company. In this capacity, Defendant McCrae was ultimately responsible for preparing, reviewing, authorizing payment and submitting monthly report and contributions to the Plaintiffs. In this capacity, Defendant McCrae exercised control over the disposition of money that became a plan asset immediately upon the date the Company's obligation to contribute arose.

36. Based on the functions that Defendant McCrae performed, he individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiffs at all times relevant hereto.

37. Based on the functions Defendant McCrae performed, he exercised authority and control over the management and disposition of certain Trust Fund assets.

38. As a result of exercising control and management over Trust Fund assets, Defendant McCrae is a fiduciary under ERISA.

39. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

40. A fiduciary who uses Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

41. Because Defendant McCrae willfully and intentionally used Trust Fund assets contained within his personal accounts and the accounts of Defendant Company for purposes other than the exclusive purpose of providing benefits to the Trust Fund participant and beneficiaries, Defendant McCrae breached his fiduciary duty.

42. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

43. Defendant McCrae is personally liable for the portion of the principal contributions, and interest and liquidated damages attributed thereto, due to the Health Plan, S&C Health Plan, Pension Plan, Profit Sharing Plan and Apprentice Fund under ERISA, jointly and severally with the Defendant Company.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Larry C. McCrae is a fiduciary of the Plaintiff Funds by virtue of his exercise and control of plan assets and Larry C. McCrae be found in breach of his fiduciary duties;

(2) Enter judgment against Larry C. McCrae holding him liable, jointly and severally, with Defendant Company, for the portion of the principal delinquency due to the Plaintiff Funds, as well as the interest, liquidated damages and attorneys' fees and costs on said amounts as found to be owed by Defendant Company in this matter; and

(3) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
wtjosem@cjtlaw.org

DATED: November 1, 2017

11